UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

ELEX L. MURPHY,                    )
                                   )
              Plaintiff,           )
                                   )
       v.                          )          No. 1:21-CV-61 DDN
                                   )
UNKNOWN JOHNSON, et al.,           )
                                   )
              Defendants.          )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Elex Murphy, an inmate at Jefferson City Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $.15. *See* 28 U.S.C. § 1915(b)(1). After reviewing the allegations contained in the complaint, the Court will issue process on plaintiff's individual capacity claim of excessive force against defendant Unknown Johnson. However, plaintiff's official capacity claims against defendants will be dismissed. Plaintiff's claims against defendant Skyler Blake will also be dismissed. Additionally, to the extent plaintiff is seeking claims for deliberate indifference to his medical needs, these claims are also subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $7.50. Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $.15, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must assume the veracity of well-pleaded

facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, an inmate currently incarcerated at Jefferson City Correctional Center (JCCC), filed this action on April 19, 2020, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. The allegations in his complaint concern events that purportedly occurred during his incarceration in September 2020 while he was incarcerated at Southeastern Correctional Center (SECC). Plaintiff asserts that the following defendants violated his civil rights: Unknown Johnson (Correctional Officer) and Unknown Skyler Blake (Correctional Officer). He sues defendants in their individual and official capacities.

Plaintiff alleges that on September 7, 2020, while incarcerated at SECC, he was subjected to excessive force by defendant Unknown Johnson. He asserts that Officer Johnson came to plaintiff's cell, 2 Bravo, at approximately 4:30 PM to serve plaintiff and his cellmate their evening meals. Plaintiff claims that his cellmate declined a drink, but when he asked for a drink from

Officer Johnson, Johnson accidentally dropped the top to the drink when attempting to hand the drink to him.

Plaintiff states that he asked Officer Johnson to please rinse the lid to the drink prior to providing him the lid. Plaintiff claims that Johnson told him, "No, I don't care if it's clean or dirty." Plaintiff alleges that he was holding out the lid towards Officer Johnson in his left hand at the food port, and he asked him again to rinse the lid. Plaintiff claims Officer Johnson then started "cussing" at him and then "slammed" his hand inside the food port without provocation. He asserts that "while [his] hand was stuck inside the food port," Officer Johnson "snatched the lid out of [his] hand" and threw it in the direction of the trash can.

Plaintiff alleges that Correctional Officer Blake was in the wing and witnessed the altercation. He states that he requested that Officer Blake contact the shift supervisor and medical regarding the incident, which Officer Blake did. Plaintiff was seen by Lieutenant Hollie Vandergriff and Captain Unknown Woolridge, who instructed him to write down what happened. Plaintiff indicates that he wrote an Informal Resolution Request (IRR) relating to the incident, but it has not yet been answered. He claims that he was told his IRR was "lost."[1]

Plaintiff asserts that he sustained injuries to his hand, including swelling, joint pain, and deep cuts to his wrist.  Plaintiff states that he was not given any pain medications or an ice pack to help with swelling, and it took over two weeks to receive an X-ray on his hand.  The X-ray was "negative."  Plaintiff states that he continues to suffer from joint pain.

Plaintiff requests compensatory and punitive damages in this action.

---

[1]Plaintiff alleges that he requested an emergency grievance to comply with the grievance procedure timing requirements. Although he states that his initial request was denied, the Court notes that "[i]nmates cannot be held to the exhaustion requirement of the PLRA when prison officials have prevented them from exhausting their administrative remedies." *Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002).

## Discussion

After review of the complaint in its entirety, the Court will issue process on plaintiff's individual capacity claims for excessive force against defendant Unknown Johnson in his individual capacity. However, plaintiff's remaining claims in this lawsuit will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### A. Official Capacity Claims

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (internal citation omitted). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Here, defendant Unknown Johnson and Skyler Blake, who are both Correctional Officers at SECC, are employees of the Missouri Department of Corrections ("MDOC"). Naming a state official in his or her official capacity is the equivalent of naming the government entity that employs the official – the State itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will,* 491 U.S. at 71.

In addition, in the absence of a waiver, the Eleventh Amendment[2] bars a § 1983 suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). Accordingly, to the extent plaintiff seeks monetary damages against the

---

[2] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI.

defendants, his official-capacity claims are barred by the Eleventh Amendment and should be dismissed. *Andrus ex rel. Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment.").

The Court will next address plaintiff's individual capacity claims against defendants Johnson and Blake.

### B. Individual Capacity Claims

At this stage of the litigation, the Court must take plaintiff's allegations as true. As plaintiff has described the situation, Officer Johnson shut his hand in the food port without provocation.

The Eighth Amendment protects incarcerated prisoners from the unnecessary and wanton infliction of pain by correctional officers. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Jones v. Shields*, 207 F.3d 491, 494 (8th Cir.2000). Officers may reasonably use force in a "good-faith effort to maintain or restore discipline" but may not apply force "maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. In considering whether force was reasonable or used in good faith, the Court may consider: (1) whether there was an objective need for force; (2) the relationship between any such need and the amount of force used; (3) the threat reasonably perceived by the correctional officers; (4) any efforts by the officers to temper the severity of their forceful response; and (5) the extent of the inmate's injury. *Hudson*, 503 U.S. at 7; *Treats v. Morgan,* 308 F.3d 868, 872 (8th Cir.2002).

Plaintiff alleges two salient factual allegations relative to excessive force: (1) that his hand was in the food port reaching for the lid from inside his cell and (2) defendant Johnson cussed at him and slammed his wrist in the food port merely because he asked Officer Johnson to clean the beverage lid. Plaintiff also alleges that he suffered injuries to his hand and wrist after the incident.

The Court finds that plaintiff has stated enough facts at this time to issue process on plaintiff's individual capacity claims against defendant Johnson for excessive force. Plaintiff, however, does not indicate who allegedly denied him medical treatment after his hand was closed in the food port. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990), *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Thus, the Court is unable to serve process on a claim for deliberate indifference to medical care.

Furthermore, plaintiff has not made a claim that defendant Skyler Blake acted in an unconstitutional manner against him. Rather, plaintiff states in his complaint that he asked Officer Blake to gather his supervisors to notify them of Officer Johnson's behavior against plaintiff, and that Officer Blake acted accordingly. Nothing within plaintiff's complaint indicates that Officer Blake violated plaintiff's constitutional rights. As such, plaintiff has not stated a claim against him in his individual capacity.

### Motion for Appointment of Counsel

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual

and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous allegations in his complaint. However, plaintiff has demonstrated that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. As such, plaintiff's motion for appointment of counsel will be denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $.15 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[3]

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Unknown Johnson, a correctional officer at SECC, in his individual capacity, as to plaintiff's claim of excessive force in violation of the Eighth Amendment. Defendant shall be served in accordance with the waiver of service agreement this Court maintains with the Missouri Attorney General's Office.

---

[3]Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Unknown Johnson shall reply to plaintiff's excessive force claim within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that that the Clerk shall not issue process or cause process to issue upon the complaint as to plaintiff's individual capacity claims against defendant Skyler Blake because, as to these claims, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to plaintiff's official capacity claims against defendants Unknown Johnson and Skyler Blake because, as to these claims, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to plaintiff's claims for deliberate indifference to his medical care, as to these claims, the complaint is legally frivolous or fail to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AT THIS TIME**.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order

Dated this 9th day of November, 2021.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

9