# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ELEX MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1: 21-CV-61 DDN |
| | ) |
| UNKNOWN JOHNSON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This prisoner 42 U.S.C. § 1983 action is before the Court upon the unopposed motion of defendant Ronnie Johnson for summary judgment. [Doc. 15.]  The parties have consented to the exercise of plenary authority by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  After reviewing the record and the briefs, the Court finds that Johnson is entitled to summary judgment.

## I.  BACKGROUND

Plaintiff Elex Murphy, an inmate currently confined at Jefferson City Correctional Center (JCCC), filed this *pro se* action alleging defendants used excessive force against him in violation of his constitutional rights pursuant to 42 U.S.C. § 1983.  The allegations concern events that occurred on September 7, 2020 while plaintiff was incarcerated at Southeastern Correctional Center (SECC).  Plaintiff names as defendants Correctional Officers Ronnie Johnson and Skyler Blake and sues them in their individual and official capacities.

Plaintiff alleges the following in his complaint.  (Doc.1.)  On September 7, 2020, while housed at SECC, he was subjected to excessive force by defendant Johnson.  He asserts that Johnson came to his cell at approximately 4:30 p.m. to serve him and his cellmate their evening meals.  Plaintiff claims that his cellmate declined a drink, but when

he asked for a drink from Johnson, Johnson accidentally dropped the lid to the drink when attempting to hand the drink to him.  Plaintiff asked Johnson to please rinse the lid before providing it to him, to which Johnson replied, "No, I don't care if it's clean or dirty." Plaintiff alleges that he held the lid out towards Johnson in his left hand at the food port and asked him again to rinse the lid.  He claims Johnson then started "cussing" at him and then without provocation "slammed" his hand inside the food port.  He asserts that while his hand was stuck inside the food port, Johnson "snatched" the lid out of his hand and threw it in the direction of the trash can.  (Doc. 1.)

Plaintiff further alleges Correctional Officer Blake was also present in the wing and witnessed the altercation.  He states that he asked Blake to contact the shift supervisor and medical staff about the incident, and Blake complied.  Plaintiff was seen by Lieutenant Hollie Vandergriff and Captain Unknown Woolridge, who instructed him to write down what occurred.  Plaintiff asserts he completed an Informal Resolution Request (IRR) concerning the incident, but it has yet to be answered, and he was informed that it was lost.

Plaintiff asserts he sustained injuries to his left hand, including swelling, joint pain, and deep cuts to his wrist.  He states that he was not given any pain medications or an ice pack for the swelling, and that it took over two weeks to have an x-ray taken.  The x-ray was negative.  Plaintiff asserts he continues to suffer from joint pain.  He seeks compensatory and punitive damages.

The Court issued process on plaintiff's claim of excessive force against Johnson in his official capacity.  It dismissed plaintiff's claims against both defendants in their official capacities, as well as the claims against defendant Blake.  The Court dismissed any claims for deliberate indifference to his medical needs to the extent plaintiff was asserting any. *See* Doc. 7.  Plaintiff's claim alleging Johnson used excessive force during the September 7, 2020 incident while Johnson was distributing drinks remains pending before the Court. Defendant Johnson now moves for summary judgment on that claim.

## II.  DISCUSSION

In support of his motion, Johnson first contends plaintiff failed to exhaust his administrative remedies because he did not file a grievance and is therefore barred from filing suit under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e (a).  On the merits, he argues plaintiff cannot establish either the subjective or objective requirement for an excessive use of force claim.  He finally argues he is entitled to qualified immunity. In support of his motion, Johnson submitted the following evidence: plaintiff's deposition transcript, Johnson's affidavit, medical records, the Missouri Department of Corrections (MDOC) Department Procedural Manual, and the affidavit of Tracey Davis, the Institutional Grievance Officer at SECC.  [Doc. 16.]  Plaintiff did not respond to the motion.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists when "a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On summary judgment, this court views all evidence and reasonable inferences most favorably to the non-moving party.  *Meier v. St. Louis*, 934 F.3d 824, 827 (8th Cir. 2019).  When deciding a motion for summary judgment, courts cannot weigh evidence or make credibility determinations.  *Anderson*, 477 U.S. at 255.

The movant's statement of facts is deemed admitted if not specifically controverted by the party opposing the motion.  See E.D. Mo. Local Rule 4.01(E).  Because plaintiff did not respond to Johnson's Statement of Uncontroverted Material Facts (SOF) (Doc. 15.) in accordance with Local Rule 7–4.01(E), those facts are deemed admitted.  *Turner v. Shinseki*, No. 4:08-CV-1910 CAS, 2010 WL 2555114, at *2 (E.D. Mo. June 22, 2010) (citing *Deichmann v. Boeing Co.*, 36 F. Supp. 2d 1166, 1168 (E.D. Mo. 1999), aff'd 232 F.3d 907 (8th Cir. 2000)).  Even so, where a plaintiff fails to respond to a motion for summary judgment, the Court should not treat such a non-response as sufficient to dispose of the motion.  *Lowry v. Powerscreen USB, Inc.*, 72 F. Supp. 2d 1061, 1064 (E.D. Mo. 1999) (citing *Canada v. Union Electric Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997)).  "Courts

3

should proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken." *Id.* "In so ruling, even on an unopposed motion for summary judgment, the court should review the facts in a light most favorable to the party who would be opposing the motion." *Id.*   Because plaintiff is proceeding *pro se*, the Court must liberally construe his filings and consider his facts together with those facts deemed admitted.

### Failure to Exhaust

Johnson contends plaintiff failed to exhaust his administrative remedies because he did not file a grievance and is therefore barred from filing suit under the PLRA.  The Court agrees.

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a)(2013). "Exhaustion is no longer left to the discretion of the district court but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).  Exhaustion is mandatory under the PLRA, and unexhausted claims cannot be brought in court. *Jones v. Bock*, 549 U.S. 199, 211 (2007).  A crucial element for an inmate to exhaust his administrative remedies is meeting the deadlines laid out by the MDOC. *Woodford*, 548 U.S. at 90 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings").  An inmate who does not file a grievance within the allotted time has failed to exhaust administrative remedies unless the prison officials waive the untimeliness of the grievance and addresses it on its merits. *Vaughn v. Gullett*, No. 4:19-CV-2566 JAR, 2020 WL 7056163, at *5 (E.D. Mo. Nov. 30, 2020.)

The MDOC uses a three-step procedure for its prisoner administrative remedy system, which includes the submission of an IRR, a Grievance, and a Grievance Appeal. [SOF ¶ 23.]  A prisoner must file a grievance appeal to fully exhaust administrative remedies.  An IRR must be filed fifteen (15) days from the date of the alleged incident.

4

[S0F ¶ 24.]  There is no record of any IRR, grievance, or grievance appeal filed by plaintiff for the allegations set forth in his complaint.  [SOF ¶ 25.]

In his complaint, plaintiff contends that prison officials lost the IRR he filed.  At his deposition, plaintiff testified that he filed an Offender Abuse Claim but does not know what happened to it after that.  Later than the prescribed 40-day limitations period, he filed an IRR with Joseph Carter, a Case Manager who was terminated from SECC sometime after that.  Because his IRR exceeded the 40-day time limit, he wrote the emergency grievance officer asking if he could file an emergency grievance.  The emergency grievance officer responded that she does not take emergency grievances.  Plaintiff testified that while this as going on, his IRR was never filed and never answered, and he was not able to go through the proper steps of filing a grievance and grievance appeal.  (Doc. 16-1. Plaintiff's Dep. at 34-36.)  In mid-December 2020 and January 2021, plaintiff sent a kite or internal request to Grievance Officer Tracey Davis, requesting a response to his IRR.  [SOF ¶ 26.]  Because there was no record of plaintiff filing or attempting to file an IRR concerning the incident, Ms. Davis advised him to speak to his housing unit caseworker.  [SOF ¶ 26.]

Plaintiff does not point to any evidence that supports his assertion concerning his IRR besides his conclusory personal statement, which is insufficient to create a dispute of material fact.  *Vaughn v. Gullett*, 2020 WL at *4.  Therefore, on this record, the Court concludes plaintiff failed to fully exhaust the administrative remedies available to him.  However, because plaintiff is proceeding pro se, the Court does not disqualify plaintiff's case for failing to exhaust his administrative remedy.  Rather it liberally construes his filings and considers his facts together with those facts deemed admitted.

**Excessive use of force claim**

The evidence proffered on the motion for summary judgment reveals the following.  On September 7, 2020, Correctional Officer Johnson was distributing drinks to offenders, including plaintiff.  [SOF ¶ 4.]  Plaintiff had asked Johnson to fill his peanut butter jar with coffee or juice when the lid to the peanut butter jar fell on the ground.  [SOF ¶ 5.]  Johnson handed plaintiff back the lid; however, plaintiff did not want it unless Johnson cleaned it or provided plaintiff with "chemicals" to clean it himself.  [SOF ¶ 6.]  After Johnson told

5

plaintiff no, there was a brief verbal altercation as plaintiff continued to argue with Johnson. Johnson however did not cuss out plaintiff. [SOF ¶¶ 8, 9.] Because Johnson needed to complete his duties, he proceeded to shut the food port door, which is heavy and requires effort to close. [SOF ¶¶ 10, 11.] Johnson saw plaintiff's hand move back and assumed the port was clear to shut. [SOF ¶ 12.] However, Johnson inadvertently caught plaintiff's hand in the food port, and immediately released plaintiff's hand. [SOF ¶¶ 13, 14.]

Following the incident, plaintiff was seen by medical staff for complaints of pain to his left wrist.[1] [SOF ¶ 16.] Medical staff noted there was no redness, swelling, or open areas at that time. [SOF ¶ 17.] The next morning, September 8, 2020, medical staff again saw plaintiff for complaints of pain in his left wrist. [SOF ¶ 18.] Medical staff noted some swelling to the thumb and first digit, but no open areas or bruising, and provided him an ice pack. [SOF ¶ 18.] Plaintiff saw medical staff again on September 10, 2020, and they noted no swelling or discoloration in his left hand. [SOF ¶ 19.] On September 20, 2020, an x-ray of plaintiff's left hand was taken which showed his bones were intact, there was no indication of acute or healing of a bone injury, and no irregularities. [SOF ¶ 20.] Plaintiff has suffered no lasting injury and testified at his deposition that he is ambidextrous, and even though he has trouble with it, his left hand is his "power hand" and that he can "do a lot of things with [his] left hand." [SOF ¶¶ 21-2; Doc. 16-1. Plaintiff's Dep. at 48.]

Johnson argues plaintiff cannot establish either the subjective or objective requirement for an excessive use of force claim. The Court agrees.

The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" on a sentenced person constituting cruel and unusual punishment. *Adams v. Hillis*, No. 4:17

---

[1] The Court notes that in his complaint plaintiff alleges injury from excessive force to his *left* hand and wrist. The medical records also reference his *left* wrist. However, throughout his deposition plaintiff repeatedly described the September 7, 2020 incident as involving his *right* hand and wrist. (Doc. 16-1, Plaintiff's Dep. Tr. at 29-31, 47-49.) The Court notes this discrepancy although it is not dispositive in its consideration of the instant motion.

6

CV 1805 DDN, 2021 WL 1198060, at *3 (E.D. Mo. Mar. 30, 2021) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992)); *Johnson v. Blaukat*, 453 F.3d 1108, 1112 (8th Cir. 2006). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). *See also Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016) ("Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically."). "Whether a situation justifies the use of force to maintain or restore discipline is a fact specific issue that turns on the circumstances of the individual case or the particular prison setting." *Johnson*, 453 F.3d at 1113. Factors to be considered in deciding whether a particular use of force was reasonable include "the objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers," and "the extent of the inmate's injury." *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002) (citing *Hudson*, 503 U.S. at 7).

In considering an excessive use of force claim, the Court weighs the prisoner's testimony, the extent of the prisoner's injury, and whether the "security threat reasonably perceived by defendants '[would] support a reliable inference' of an unnecessary and wanton infliction of pain." *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013) (quoting *Johnson v. Bi-State Justice Ctr./Ark. Dep't Corr.*, 12 F.3d 133, 136-37 (8th Cir. 1993)). In weighing these factors, however, the Court is required to "avoid[] the improper resolution of credibility issues," which are assessments for the trier of fact and not for summary judgment. *Id.* (quoting *Johnson*, 12 F.3d at 137).

Upon review of the record, the Court finds that even if it were to take plaintiff's allegations as true, plaintiff fails to demonstrate a malicious action on Johnson's part. Plaintiff cannot show Johnson acted in a sadistic or malicious manner and has therefore failed to establish the subjective requirement an Eighth Amendment excessive force claim. *Cf. Leonard v. Young*, No. 4:09 CV 1432 AGF, 2011 WL 855646, at *2, 4 (E.D. Mo. Mar. 9, 2011) (where the defendant had a different version of events, stating that after making

several attempts to apply the handcuffs through the food port, he decided to close it and inadvertently caught the plaintiff's hand while doing so; finding that even when accepting the plaintiff's version as true, there was no showing that the defendant's actions were malicious or sadistic.).

Johnson also argues plaintiff cannot meet his burden to establish that he suffered an objectively serious deprivation of rights because the force and injury were minimal. He argues plaintiff has suffered no lasting injury. He cites two cases in support. In *Leonard v. Young*, cited above, defendant was angry and aggravated, and shoved plaintiff's hands back through the food port, which plaintiff asserted caused him injury. The court held the type of force used by defendant was not 'repugnant to the conscience of mankind.'" 2011WL 855646, at *4. In *Fudge v. Page*, No. 5:09 CV 4, 2011 WL 768001, at *3 (E.D. Ark. Feb. 8, 2011), the court held that when the defendant caught plaintiff's fingers in the food port, the type of force used by defendant was not "repugnant to the conscience of mankind," and did not constitute excessive force when defendant released plaintiff's fingers from the food port, plaintiff was provided medical attention, and the medical report indicated no injury to plaintiff's fingers.).

Similarly, here, nothing in the record indicates the injury and force constituted excessive force and plaintiff's injury was not extensive. Nothing in the record shows Johnson acted sadistically and maliciously. Plaintiff has failed to establish an excessive force claim, and Johnson therefore is granted summary judgment on this claim.

**Qualified Immunity**

Johnson finally argues he is entitled to qualified immunity because the record demonstrates that he did not violate plaintiff's clearly established rights. The Court agrees.

"Government officials who perform discretionary functions are entitled to qualified immunity unless their alleged conduct violated clearly established federal constitutional or statutory rights of which a reasonable person in their positions would have known." *Wright v. Rolette Cnty.*, 417 F.3d 879, 884 (8th Cir. 2005).

In light of the above rulings, defendant Johnson is entitled to qualified immunity in his individual capacity. *See Frenchman v. Saloum*, 236 F. App'x 235, 236 (8th Cir. 2007)

(affirming grant of summary judgment on the basis of qualified immunity because the facts taken in the light most favorable to plaintiff did not establish an Eighth Amendment violation).

### III.  CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Ronnie Johnson motion for summary judgment [Doc. 15] is **GRANTED**.  This case is dismissed with prejudice in its entirety.

A separate Judgment Order is filed herewith.

_/s/ David D. Noce_
**UNITED STATES MAGISTRATE JUDGE**

Signed on December 7, 2022.